**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard Sullivan BENAVENTE,**
**Defendant-Appellant.**

No. 16-10092

United States Court of Appeals, Ninth Circuit.

Submitted October 12, 2017 [*]
U. of Hawaii Manoa

Filed October 23, 2017

Garth R. Backe, Assistant U.S. Attorney, USNMI—Office of the US Attorney, Saipan, MP, Ross K. Naughton, USSAC—Office of the US Attorney, Sacramento, CA, for Plaintiff-Appellee

Michael W. Dotts, Esquire, Attorney, O'Connor Berman Dotts & Banes, Saipan, MP, for Defendant-Appellant

Before: SCHROEDER, D.W. NELSON, and McKEOWN, Circuit Judges.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## MEMORANDUM **

Richard S. Benavente appeals the substantive reasonableness of his prison sentence for Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a) and (e), and the application of a two-level sentencing enhancement for obstruction of justice under U.S.S.G. § 3C1.1. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not abuse its discretion in imposing a two-level sentencing enhancement. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1169-70 (9th Cir. 2017) (en banc). The court concluded that Benavente obstructed justice by making false statements to the government and violating his plea agreement by testifying falsely at the trial of Raymond Roberto. "[V]iolation of a plea bargain warrants a sentence enhancement for obstruction of justice." *United States v. Acuna*, 9 F.3d 1442, 1446 (9th Cir. 1993).

Nor was Benavente's sentence substantively unreasonable. Benavente's 360-month sentence was within the guidelines range of 292 to 365 months. Within-guidelines sentences are presumed reasonable. *Rita v. United States*, 551 U.S. 338, 341, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). The court sentenced Benavente to the statutory maximum after explaining that Benavente had enticed or coerced at least two minor girls into sexual activity repeatedly in exchange for drugs, and had violated his plea agreement.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).